## Nisbett et al. *v.* Galbraith et al.

Where a bill purports on its face to be drawn on a letter of credit, the possession of the letter by a third person, the holder of the bill, with an endorsement on it made by the drawer of the bill, showing that it was drawn under the letter of credit, is *primâ facie* evidence that the bill was taken on the faith of the letter.

Where a letter of credit addressed by one person to another, authorizes the latter to draw on the former to a certain amount, in sums to suit the convenience of the party to whom it is given, and the letter was evidently intended to be exhibited to third persons to induce them to take the bills so drawn, the promise which the letter contains is a promise to any one taking a bill on the faith of the letter; and any advance made on its faith is a sufficient consideration to entitle the holder, in the absence of any evidence that the letter had been revoked or the amount of the credit previously exhausted, to recover against the writer of the letter; damage to the party taking the bill being as good a consideration, as benefit to the writer of the letter.

APPEAL from the Fifth District Court of New Orleans, *Strawbridge,* J. *Micou,* for the appellants, relied on *Russell* v. *Wiggin,* 2 Story 214. *A. Walker,* for the defendants. In *Von Phul* v. *Sloan,* 2 Rob. 145, the bill is drawn in strict conformity to the directions, and contained the memorandum that it "was drawn as authorized by *E. C. Sloan's,* (the defendant's) letter of credit of 12th of same month." But the Supreme Court said that to make parties liable under such collateral acceptances, it is required that the promise or undertaking should point to the specific bill or bills. "To supply the place of a written acceptance on a bill, the promise to accept must describe the bill in such a way, that the promise can apply to no other bill." Otherwise, there would be no limit to the liability of the maker of a letter of credit. In the case of *Von Phul et al.* v. *Sloan et al.,* the court also notices the distinction between an action on the bill for an implied acceptance, and an action for damages. A party might be liable on a letter of credit under the latter form of action, when he would not be under the former. But this suit is brought for the non-acceptance of a bill in the usual form. It is not a suit for damages, on an alleged breach of promise.

The leading case on this subject cited by the judge below, is that of *Coolidge* v. *Payson,* 2 Wheaton 75, where it was settled, that a letter written within a reasonable time before or after the date of a bill of exchange, describing it in terms not to be mistaken, and promising to accept it, is, if shown to the person who afterwards takes the bill on the credit of the letter, a virtual acceptance binding the person who makes the promise." Subsequently this rule was confirmed by the decisions of cases before the Supreme Court of the U. S. *Schmmelpenneck et al.* v. *Bayard et al.* 1 Peters, 294. *Boyce & Henry* v. *Edward,* 4 Peters, 118. Our own Supreme Court, in *Carrollton Bank* v. *Tayleur et al.,* 16 La. 499, after elaborate and able argument, fully adopted the principle established by the Supreme Court of the U. S.

The judgment of the court was pronounced by

Slidell, J. The plaintiffs claim from the defendants, *Galbraith & Greenfield,* the amount of a bill of exchange, which they allege they discounted for the drawer on the faith of a letter of credit, signed by the defendants and presented to them by the drawer. The bill of exchange is in these words:

"Exchange for $2,000.                       St. Louis, M., July 14, 1847.

"Twenty days after date of this first of exchange (second unpaid), pay to the order of *Messrs. W. Nisbett & Co.* two thousand dollars, value received, and charge the same to account.                       Your obd't. serv't.

"Drawn against your letter of credit of the 8th May, 1847.

W. A. Whitaker."

"To Gailraith & Greenfield, New Orleans, La."

The letter of credit, which was filed with the petition, was in these words:

NISBETT
v.
GALBRAITH.

"New Orleans, May 8th. 1847.

"W. A. Whitaker, Esq..

"St. Louis, M.

"SIR: You are hereby authorized to value upon us to the amount of five thousand dollars, in your bills upon us at from twenty days to four months date, in sums to suit your convenience, and the same will be accepted by us and paid at maturity.

"Your obedient servants,

"GALBRAITH & GREENFIELD."

Upon the letter appears the following endorsements:

"St. Louis, May 29, 1847. Drawn on the within letter of credit, bill dated May 29, at twenty days date, favor of *Wm. Nisbett & Co.*, for $1500.

"W. A. WHITAKER."

"St. Louis, July 14th, 1847. I have this day valued on *Galbraith & Greenfield*, on the within letter of credit, in favor of *W. Nisbett & Co.*, and negotiated the same with them at twenty days date, for the sum of two thousand dollars.

W. A. WHITAKER."

The bill and letter are annexed to the petition. The defendants answered by a general denial of all the allegations of the petition. They also pleaded specially previous acceptances and payments of drafts on the faith of the letter, to the full amount of $5000; and that the plaintiff had been guilty of *laches* in not ascertaining the amount of drafts already drawn. The district judge gave judgment as in case of non-suit. He puts his judgment on two grounds: *first*, that there was no proof that the letter of credit was exhibited to the plaintiffs, nor that they took the bill on the faith of it; and *secondly*, that the letter of credit does not describe the bill, citing the case of *Coolidge v. Payson*.

Considering the fact that the bill, on its face, purports expressly to be drawn upon the letter of credit, the possession of the letter by the plaintiffs at the time of bringing suit, and the endorsements upon the letters above stated, we think the plaintiffs have made out a *primâ facie* case that, they took the bill upon the faith of the letter.

The remaining question is, are the defendants liable under this letter to the plaintiffs, who acted upon the faith of it? To determine this, the first enquiry to be made should be, what did *Galbraith & Greenfield* mean by this letter? We will not for the present surmise what answer a lawyer would make to this question; but what answer a merchant would make; and if this point of view had always been taken, we imagine there would have been much less diversity of opinion in the courts. Now, we think nine merchants out of ten, if this letter had been shown to them, and the question put, would have said: "The object of this letter is to give *Whitaker* credit, and induce the public to take his bills by their promise to honour them; and, if I take his bill on *Galbraith & Greenfield*, I have the security of their names, unless *Whitaker* has overdrawn." If some one should suggest a doubt whether the letter was not merely a private arrangement between *Whitaker* and *Galbraith & Greehfield*, the merchant would probably answer, with equal promptness: "That cannot be, for if it were meant as a memorandum of the intended course of business between the parties, it would have provided for many matters about which this letter is entirely silent."

Now if this be the fair practical intendment of the letter, what legal obligation should fall upon the writer of it? Common sense would say that, if it have inspired confidence and induced third persons to trust *Whitaker, Galbraith & Greenfield,* should be bound to protect them; and that any other interpretation would make the letter of credit an instrument of deception. How is it then that a matter which, to the contemplation of the ordinary mind seems so plain, should become, when subjected to a legal standard, difficult and uncertain—sometimes decided one way, sometimes another? It will be found, we think, that the difficulty has arisen from the false application of a technical rule. The argument was thus: " The letter is addressed to *Whitaker.* The contract is between him and *Galbraith & Greenfield.* As between the plaintiffs and defendants there is no privity of contract, or consideration moving between them. The fallacy of the position is fully exposed by Justice Story, in *Russell* v. *Wiggins,* 2 Story, 219, where the subject is discussed at length. If the letter be, as we feel satisfied it is, a document intended to be exhibited to third parties, and to induce them to take *Whitaker's* bills, then the promise which the letter contains is, by intendment of law, a promise to any body taking a bill on the faith of the letter; and the advance of his money, which the party makes on the inducement and faith of the letter, is a sufficient consideration; damages to the promisee constituting as good a consideration as benefit to the promissor.

Looking at this matter either in a mercantile light, or as a mere question of equity, it seems strange that the question should have been a disputed one. The doctrine which would refuse relief to a person advancing his money upon the faith of such a letter, would practically amount to this, that a man should be permitted deliberately and knowingly to put in the hands of another the means of producing a false impression upon an innocent third person, and of thus drawing him into a contract upon the faith of that impression, and of afterwards saying to the injured party: " You have been deceived by what I said and did; but I never addressed you, and am not bound to you."

It would be unnecessary to enter into an examination of the numerous cases which directly involve, or have a bearing upon, the question before us. The subject has been very ably considered, and the authorities very fully cited, in the case of *Russell* v. *Wiggins,* already referred to. We consider that case as conclusive of the present.

It will be observed that there is no evidence that the defendants have ever paid a dollar upon bills of *Whitaker;* so that there is no question here as to an infraction of the limits prescribed by the authorization to draw. Nor is it even pretended that the letter had been revoked.

The petition asks for damages at the rate alleged to be due by the laws of Missouri on returned bills; but we have no evidence of that law, nor even that any damages have been incurred by the plaintiffs. It would seem questionable from the back of the bill whether they ever ceased to be holders of it. It is unnecessary, therefore, to enquire whether the liability of a person giving a letter of credit extends beyond the face of the bill and interest.

It is, therefore, decreed that, the judgment appealed from be reversed, and that the plaintiffs *Wm. Nisbett & Co.* recover from the defendants, *Galbraith & Greenfield,* and *Robert W. Galbraith* and *Thompson Greenfield, in solido,* the sum of $2,000, with interest from 25th August, 1847, until paid, and costs in both courts.*

---

*The judgment in this case was pronounced on the 24th of April, 1848; a re hearing was granted, and, after argument, the case was held under advisement until the 11th of December, when the judgment originally pronounced was ordered to remain undisturbed.